## Pietrowski Nominating Petition

*Benjamin L. Long* and *E. G. Mekel*, for petitioner.

*H. Gittis*, for respondent.

KELLEY, J., March 30, 1961.—A petition has been filed by complainants herein, the Democratic County Executive Committee of Philadelphia County and Joseph F. Lockard, a registered Democratic elector, to strike the nominating petition of defendant, who is a candidate for magistrate in the forthcoming primary election.

Under the Act of May 21, 1943, P. L. 353, sec. 1, 25 PS §2937, such petitions must be asserted within seven days of the last day for filing the nominating petition. Otherwise, the nomination petitions are, by law, deemed valid.

In the instant matter, the last day for filing a nominating petition was March 13, 1961. Because the petition to strike was filed on March 20, 1961, it chronologically falls within the time allowed by the statute and is proper in that regard.

The statute, however, also requires the petition to strike to specifically set forth the objections to the nominating petition. Because the instant petition

merely alleged that "said nominating petition contains at least 400 signatures of persons who are not registered and enrolled as members of the Democratic Party" and did not set forth the specific names attacked, it was deficient in that regard: Beynon Appeal, 370 Pa. 532; Fusion Nominations, 3 Dauph. 39.

Objection was raised to the petition to strike by defendant who interposed the statute and moved the court for judgment. Reserving decision, the court allowed plaintiffs to amend their petition to include the names challenged. An amended petition was filed on March 24, 1961, 11 days after the last day for filing nominating petitions and four days after the statutory limitation for objection. Testimony was then taken in support of the amended petition.

The amendment was allowed and testimony heard because the court felt that matters directly affecting the electorate and the right to be a candidate for public office, should not be lightly dealt with. However, after a careful review of the law on the subject, the court is of the opinion that jurisdiction of the court was not obtained by the original petition and that the original and amended petitions set forth by plaintiffs must, therefore, be stricken.

Because the evidence in the case shows that, in any event, the purported verification that the challenged names were not enrolled was not made until after the period of limitations had run, and that many of the challenged names were those of properly enrolled electors, we are bolstered in our belated ruling on defendant's motion.

Accordingly, a petition such as required by the Act of 1943 not having been filed within the period allowed by law, the nominating petitions of defendant are deemed valid, and the objections and amended objections filed by the complainants are overruled.